THE STATE OF OHIO v. BROOKS.

(No. CR 201724 — Decided June 19, 1986.)

Court of Common Pleas of Cuyahoga County.

*John T. Corrigan,* county prosecutor, for plaintiff.
*Gerald M. Smith,* for defendant.
*James Alexander, Jr.,* director of law, for East Cleveland.

JAMES J. MCMONAGLE, J. The city of East Cleveland has filed a motion before this court pursuant to R.C. 2921.41(C) requesting this court to order restitution from the monies held in the defendant's account with the Public Employees Retirement System of Ohio ("PERS").

A brief history of this case is helpful in analyzing this request.

The defendant, Margaret T. Brooks,

was indicted on August 6, 1985, in a six-count indictment charging her with four counts of grand theft, R.C. 2913.02, and two counts of theft in office, R.C. 2921.41. On September 11, 1985, the defendant entered a plea of guilty to all four grand theft counts, and the two counts of theft in office were nolled at the request of the county prosecutor's office. On November 13, 1985, the defendant was sentenced to the Ohio Reformatory for Women.

The facts of the case *sub judice* reveal that between August 1982 and May 1983, the defendant, while employed by the city of East Cleveland, obtained money illegally from that city by conducting a scheme whereby she falsified vouchers which were intended to requisition money for seminar registrations and airplane tickets. The total amount of restitution in this case is $6,026.50.

R.C. 2921.41 is a relatively recent enactment of the legislature having become effective on September 20, 1984. As a condition precedent to invoking the court's power to order withholding of payments from the funds enumerated therein, certain steps must be taken before restitution can be effectuated.

1. The county prosecutor shall send a written notice to PERS that charges have been filed against the defendant under R.C. 2921.41. (See R.C. 2921.41[D].)

2. The clerk of courts in which the motion was filed requesting restitution under R.C. 2921.41(C)(2)(a) *must* notify the defendant and retirement system of the following in writing:

(a) that the motion requesting restitution under this section was filed;

(b) that the defendant will be granted a hearing on the issuance of the requested order of restitution only if the defendant filed a written request for such a hearing with the clerk prior to the expiration of thirty days after the defendant receives notice;

(c) that if a hearing is requested that the court will schedule the hearing as soon as possible and that the *court* will notify the defendant and the retirement system of the date, time and place of hearing;

(d) that if such a hearing as outlined in (c) above is conducted, it will be limited only to a consideration of whether the defendant can show good cause why the requested order of restitution should not be issued;

(e) that if such a hearing is conducted, the court will not issue the requested order if the court determines, based on evidence presented at the hearing by the defendant, that there is good cause for the requested order of restitution not to be issued;

(f) that the court will issue the requested order if such a hearing is not requested *or* if such hearing is conducted but the court does not determine, based on evidence presented at the hearing by the defendant, that there is good cause for the requested order not to be issued; and

(g) that if the requested order of restitution is issued, the retirement system will be required to withhold the amount required as restitution from payments to the defendant.

None of the above provisions of the code was complied with by the proper governmental offices and, therefore, the jurisdiction of the court under this section has not been invoked.

Defendant also correctly contends that before any restitution may be ordered under this section, there has to be a showing that the defendant was convicted of a violation of R.C. 2921.41(A)(2), or that the city of East Cleveland suffered pecuniary loss and that the defendant "use[d] his office in aid of committing the [theft] offense, or permitted or assented to its use in aid of committing the offense." (R.C. 2921.41[A][1].) In this case, both theft in office charges against the defendant

were nolled at the request of the prosecutor's office, and the defendant was permitted to plead guilty to theft offenses under R.C. 2913.02.

For the above reasons, the objections of the defendant are well-taken and the motion for restitution pursuant to R.C. 2921.41(C) is denied.

*Motion denied.*